FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

NOV 06 2012 

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RANDY PHILLIPS,

    Plaintiff,

v.                                                                                                  No. CV 12-0632 JP/GBW

WNMCF MEDICAL SERVICES,
WNMCF GRANTS, NM,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, Plaintiff's claims against the named Defendants will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See*

*Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that a medical specialist diagnosed a possible cancerous skin condition on Plaintiff. Prison medical staff have failed to provide treatment for Plaintiff's condition. Plaintiff does not identify any individuals who have denied treatment, but instead names as Defendants "Medical Services" and the prison where he is incarcerated. These state agency Defendants "do not have a separate legal identity from the state, and therefore are not 'persons' who have the capacity to be sued under § 1983." *Buchanan v. State of Oklahoma*, 398 F. App'x 339, 342 (10th Cir. 2010). The Court will dismiss Plaintiff's claims against the named Defendants, and Plaintiff will be allowed to identify individuals allegedly responsible for the denial of treatment. Failure to identify individual Defendants may result in dismissal of Plaintiff's complaint.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Medical Services and WNMCF Grants, NM, are DISMISSED; and these Defendants are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that, within thirty (30) days from entry of this Order, Plaintiff may file an amended complaint identifying the individuals allegedly responsible for the denial of medical treatment.

UNITED STATES DISTRICT JUDGE