**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

RANDY PHILLIPS,

      Plaintiff,

v.                                                             No. CV 12-0632 JP/GBW

GREGG MARCANTEL (SECRETARY OF CORRECTIONS),
GARY KING,
ROBERT STEWART (WARDEN WNMCF),
DEANNA HOISINGTON (DEPUTY WARDEN),

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's amended civil rights complaint (Doc. 18). For reasons below, Plaintiff's claims against the named Defendants will be dismissed.

As noted in the Court's earlier order (Doc. 13), Plaintiff alleges that a medical specialist diagnosed a possibly cancerous skin condition on Plaintiff.  Prison medical staff have failed to provide treatment for Plaintiff's condition.  The Court dismissed Plaintiff's claims against the Defendants named in the original complaint and allowed him to identify the individuals who denied treatment.  In a response (Doc. 16), Plaintiff named a number of individuals but again failed to allege that any of them actually denied him medical treatment.  Plaintiff then filed his first amended complaint, naming certain New Mexico corrections officials and the Attorney General.

The amended complaint makes no allegation that the named Defendants were involved in the decision to deny Plaintiff medical treatment and thus fails to affirmatively link them to the asserted deprivation.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a

defendant in the constitutional violation.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official.  *See id.*  "We have said that a plaintiff cannot establish liability under § 1983 merely by showing that the defendant was in charge of others who may have committed a constitutional violation.  Instead, the plaintiff must establish a 'deliberate, intentional act by the supervisor to violate constitutional rights.' "  *Phillips v. Tiona*, No. 12-1055, 2013 WL 239891, at *6  (10th Cir. Jan. 23, 2013) (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010)).  The Court will dismiss Plaintiff's claims against the Defendants named in the amended complaint.

Plaintiff will be allowed a third opportunity to identify the individuals who actually denied him medical treatment.  Plaintiff is again advised that failure to identify appropriate individual Defendants may result in dismissal of this action.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Marcantel, King, Stewart, and Hoisington are DISMISSED; and these Defendants are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that, within thirty (30) days from entry of this Order, Plaintiff may file a second amended complaint identifying the individuals who allegedly denied him medical treatment.

_____
UNITED STATES DISTRICT JUDGE